# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DELVARIS BOOKER,

                    Plaintiff,

v.

JOHNSONVILLE SAUSAGE LLC,

                    Defendant.

Case No. 16-CV-1047-JPS

**ORDER**

In this action, Plaintiff, proceeding *pro se*, alleges that his former employer, Johnsonville Sausage LLC ("Johnsonville"), discriminated against him because of his race and retaliated against him for engaging in protected activity. (Docket #1). On April 11, 2017, Johnsonville filed a motion to compel Plaintiff to supplement his responses to certain of their discovery requests. (Docket #20). Plaintiff did not respond to the motion, so the Court treats it as unopposed.

In its motion, Johnsonville seeks supplemental responses as to two of its discovery requests. (Docket #20 at 2). First, Plaintiff has referenced in one of his discovery responses that he possesses an audio recording he surreptitiously made of a meeting between himself and his supervisors. *Id.* at 2–3. Despite Johnsonville's request that he produce the recording, he has refused without providing any reason for withholding it. *Id.* at 3. Second, Plaintiff ignored Johnsonville's request to produce documents relevant to any income he has received since his separation from the company. *Id.* During the parties' meet-and-confer efforts, Plaintiff asserted

that although he did not have responsive materials for this request on the date it was served, he now has relevant information. *Id.* Nevertheless, he refuses to produce it. *Id.* In light of Plaintiff's behavior, Johnsonville seeks an order compelling him to produce these items and seeking an award of its reasonable attorney's fees and costs as a sanction. *Id.* at 3–4.

As to the first request, it is indisputable that Plaintiff must turn over the audio recording and the documents establishing his post-termination income. Both are relevant to the subject matter of this action, and Plaintiff has interposed no valid objection to their production. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). Indeed, Plaintiff has not even responded to Johnsonville's motion in order to suggest some reason why the discovery sought is improper. *See* Civ. L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."). Additionally, to the extent Plaintiff believes that he need not produce responsive documents as they become available, he is mistaken; Federal Rule of Civil Procedure 26(e) imposes on him a continuing duty to supplement his discovery responses "in a timely manner if [he] learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* 26(e)(1)(A); *Remien v. EMC Corp.*, No. 04 C 3727, 2008 WL 821887, at *4 (N.D. Ill. Mar. 26, 2008) ("[T]he fact that the requested documents were not in existence at the time of the original production is not an automatic ban to their production now.")

(citing *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996)). As a result, the Court must order Plaintiff to comply with these discovery requests. Plaintiff has **five (5) days** from the date of this Order to produce these items, and no request for an extension of time will be entertained.

On the matter of sanctions, the Court declines to impose monetary sanctions at this time. First, Johnsonville has submitted no evidence of the attorney's fees and costs it incurred, preventing the Court from considering what a reasonable award should be. Second, while Plaintiff's conduct was unjustified and worthy of sanction, the Court is cognizant that Plaintiff, as a *pro se* litigant, has limited resources, making a monetary sanction especially harsh. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (a court can decline to award fees if circumstances make such an award unjust).

Nevertheless, the Court gives Plaintiff this warning: in light of the clear discovery violations raised in this motion and in connection with Plaintiff's deposition, *see* (Docket #23), further discovery misconduct will not be tolerated. If additional violations of the discovery rules are brought to light, or if Plaintiff fails to comply with this Order, the Court will dismiss this case as a sanction for his misconduct. *See* Fed. R. Civ. P. 37(b)(2); *Maynard v. Nygren*, 332 F.3d 462, 467–68 (7th Cir. 2003) (observing that a district court may impose a sanction of dismissal if a party acts in bad faith and lesser sanctions are not appropriate); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("[B]eing a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow, and which it will wilfully disregard.").

Accordingly,

**IT IS ORDERED** that Defendant's motion to compel and for sanctions (Docket #20) be and the same is hereby **GRANTED in part** and **DENIED in part** as stated herein; and

**IT IS FURTHER ORDERED** that Plaintiff will produce to Defendant, no later than **five (5) days** from the date of this Order, the audio recording and documents pertaining to his post-termination income as identified above. **Failure to comply with this Order will result in dismissal of this action without further notice.**

Dated at Milwaukee, Wisconsin, this 8th day of May, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge