# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DELVARIS BOOKER,<br><br>         Plaintiff,<br>v.<br><br>JOHNSONVILLE SAUSAGE LLC,<br><br>         Defendant. | Case No. 16-CV-1047-JPS<br><br>**ORDER** |

   Plaintiff, proceeding *pro se*, filed this action alleging employment discrimination by his former employer, Defendant Johnsonville Sausage LLC ("Johnsonville"). (Docket #1). On May 30, 2017, Plaintiff filed a motion for leave to amend his complaint and to join his wife, Monic Booker, who also worked for a time at Johnsonville, as a plaintiff. (Docket #27). Johnsonville opposes both requests. (Docket #29).

   Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts favor granting leave to amend, but they act within their discretion to deny such leave when there is a substantial reason to do so. *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). This includes undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002).

The Court must deny Plaintiff's motion. First, Plaintiff has waited until the eve of the dispositive motion deadline, which is June 30, 2017, (Docket #23), to raise new claims of discrimination and retaliation both as to himself and his wife. These claims, if permitted, would alter the scope of the litigation and require substantial additional discovery. This would, in turn, force Johnsonville to incur added expense and cause considerable disruption in the Court's longstanding trial schedule, which has been in place since early December 2016. *See* (Docket #15). Plaintiff offers no viable argument to justify such delay. *Campania*, 290 F.3d at 849 ("A trial court may deny leave to amend when the amendment would cause the opposing party to bear additional discovery costs litigating a new issue[.]").

Nor does Plaintiff explain why these claims were not raised earlier, although they were known to him before he filed this action. Plaintiff's original complaint concerned only matters arising as of the date he filed his Equal Opportunity Employment Commission ("EEOC") charge of discrimination on February 12, 2016. Yet now, Plaintiff wants to complain about his suspension in March 2016 and his separation from Johnsonville in April 2016, both of which he alleges occurred in retaliation for his charge of discrimination. (Docket #27 at 1). He also wants to join his wife's claims which allegedly arose around the same time. (Docket #30 at 6–9). Even assuming that these new claims are sufficiently related to Plaintiff's existing claims to skirt Title VII's exhaustion requirement, *see Graham v. AT&T Mobility, LLC*, 247 F. App'x 26, 29 (7th Cir. 2007), Plaintiff does not justify his delay in raising these claims despite knowing their factual bases long before suit was filed. *See Lac Courte Oreilles Band of Lake Superior*

*Chippewa Indians of Wis. v. United States*, 367 F.3d 650, 668 (7th Cir. 2004). Indeed, Plaintiff already tried to raise these claims three months ago, and the Court instructed him to submit an amended complaint in compliance with the applicable rules. *See* (Docket #19). Waiting until this late hour to comply with the Court's directive is inexcusable.

Furthermore, Plaintiff's reference to his *pro se* status cannot forgive his delay in amending his complaint or his failure to include these allegations in the original complaint. *See* (Docket #30 at 2–3). While the Court is required to liberally construe Plaintiff's *pro se* filings, it cannot create factual allegations from whole cloth. *See Williams v. Kotkosky*, Case No. 16-CV-442-JPS, 2017 WL 913613, at *1 (E.D. Wis. Mar. 7, 2017) ("Though the Court is required to liberally construe a *pro se* party's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence and argument for him."). The generous standard of review provided to Plaintiff is meant to forgive the kinds of technical pleading errors non-lawyers might make, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); it cannot be employed to manufacture the allegations and legal theories necessary for a *pro se* litigant's recovery. As such, Plaintiff's *pro se* status does not validate his dilatory request to amend his complaint.

Finally, as to Plaintiff's wife in particular, there is no reason why they should bring their claims together in this action under the rules of joinder. *See* Fed. R. Civ. P. 20(a)(1) (plaintiffs may join together in one suit only if they have any joint claim arising out of the same transaction or occurrence). Plaintiff baldly contends that they each suffered the same instances of discrimination and retaliation while working at Johnsonville, (Docket #27 at 2), but in his reply, Plaintiff reveals that his wife's

complaints arise from actions taken by other co-workers and supervisors, on different dates, from those implicated in Plaintiff's claims. *See* (Docket #30 at 6–7). In fact, Johnsonville has submitted unrebutted evidence that Plaintiff's wife is still pursuing her administrative remedies as to the instances of workplace discrimination she allegedly experienced, (Docket #29-1), and her charges of discrimination do not map onto Plaintiff's allegations. Considering Plaintiff's and his wife's claims and attendant circumstances holistically, it is clear that they do not bear a sufficient logical relationship to each other which would suggest that they must be heard together. *See State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, No. 11-cv-8946, 2012 WL 1287698, at *6 (N.D. Ill. Apr. 16, 2012) (citing *Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 469 (7th Cir. 2011)).

Moreover, Plaintiff is mistaken that his wife's claims can or should be brought alongside his simply because they are married or because she "was grossly affected" by what happened. (Docket #30 at 3–4). At most, this argument establishes that she may be a witness to some of the incidents underlying his claims, but it does not follow that her claims belong in this suit. As such, the rules of joinder (and exhaustion of administrative remedies) indicate that she should not be joined as a plaintiff. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend his complaint (Docket #27) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge